# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDWIN GRAJEDA,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0602** (BOR Appeal No. 2049038)
(Claim No. 2012020190)

**PILGRIMS PRIDE CORPORATION OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edwin Grajeda, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pilgrims Pride Corporation of West Virginia, Inc., by Stephen M. Mathias, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 28, 2014, in which the Board affirmed a December 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 25, 2013, decisions holding the claim compensable for lumbar sprain/strain and denying temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Grajeda, a laborer, was injured in the course of his employment on December 2, 2011, while stacking boxes. The claim was held compensable for lumbar sprain/strain and temporary total disability benefits were denied on March 25, 2013. Mr. Grajeda was treated at Valley Health System Winchester Medical Center the day after the compensable injury occurred for acute back pain that radiated into his left leg. A lumbar MRI showed acute sciatica and an acute herniated disc at L5-S1. There was also mild spondylosis with degenerative disc disease at

L4-5 and L5-S1, mild biforaminal narrowing at L4-5, and mild to moderate biforaminal narrowing at L5-S1. The employee's and physician's report of injury listed the diagnoses as herniated L5-S1 disc and acute sciatica.

Mr. Grajeda was treated at Love Memorial Clinic from December 29, 2011, through August 15, 2012. He was diagnosed with back strain with radiculopathy on the left side, shoulder pain, cervical strain, and chest wall pain and was sent to physical therapy. It was noted that he had an abnormal MRI that showed a herniated disc and sciatica. On April 2, 2012, Mr. Grajeda reported that he had persistent bilateral leg pain. Degenerative disc disease and herniated disc were added to the diagnosis list. In a March 23, 2013, attending physician's report, it was indicated that Mr. Grajeda continued to be off of work for physical therapy and possible pain management. In response to a question regarding the cause of his disability, the form simply indicates that he had been off of work since December 2, 2011, for the diagnosis of displacement of intervertebral disc without myelopathy.

A physician review was performed by Robert Padgett, M.D., on March 22, 2013. He ultimately determined that Mr. Grajeda's repetitive work-related lifting injury is not associated with the MRI findings of a L5-S1 herniated disc and would be more consistent with a lumbar sprain/strain. He found no objective evidence to support the Valley Health System Winchester Medical Center diagnosis of herniated L5-S1 disc. He determined that all MRI findings are pre-existing and chronic in nature. He concluded that the compensable work-related injury in this case was a lumbar sprain/strain with pre-existing degenerative disc disease from L4-S1 and a L5-S1 herniated disc.

Sushil Sethi, M.D., performed an independent medical evaluation on April 19, 2013, in which he determined that Mr. Grajeda had reached maximum medical improvement. He incorrectly stated that Valley Health System Winchester Medical Center's initial evaluation found only a lumbar sprain. He opined that the degenerative disease seen on the MRI is incidental and would have reached the same status due to the normal aging process. He found 5% impairment and opined that Mr. Grajeda could return to work without restrictions.

The Office of Judges affirmed the claims administrator's decisions in its December 6, 2013, Order. It found that displacement of intervertebral disc is not a compensable component of the claim. It determined that the MRI makes clear, in the way that it was written, that the L5-S1 disc protrusion is the result of degenerative disc disease. The Office of Judges stated that it agreed with Dr. Padgett that Mr. Grajeda's current complaints are no longer explainable by the work-related injury and are the result of well-documented, pre-existing spine pathology. Further, the Office of Judges noted that Dr. Sethi found that Mr. Grajeda had reached maximum medical improvement and that the degenerative disease found on the MRI is incidental and would have reached the same status due to the normal aging process of degenerative diseases. In regard to temporary total disability benefits, the Office of Judges found that the attending physician's report from Love Memorial Clinic stated that Mr. Grajeda was temporarily and totally disabled and had been off of work since December 2, 2011, for displacement of an intervertebral disc. Because the condition is not a compensable component of the claim, temporary total disability

benefits were not authorized. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 28, 2014.

On appeal, Mr. Grajeda argues that he had no history of lower back problems prior to his compensable injury. Two days after the injury, he went to Valley Health System Winchester Medical Center where he had signs of a herniated disc and was diagnosed with an acute herniated disc at L5-S1. He asserts that Dr. Sethi's report misrepresented the treatment from Valley Health System Winchester Medical Center. He also argues that Dr. Padgett's report lacks any explanation for the initial emergency room findings. Pilgrim's Pride Corporation of West Virginia, Inc., argues that though Dr. Sethi misstated the diagnosis by Valley Health System Winchester Medical Center, he still addressed the condition of acute herniated disc in his report and found that it was pre-existing. It stated that Dr. Padgett also found the herniated disc to be the result of pre-existing degenerative changes. It further argued that Mr. Grajeda has not requested temporary total disability benefits, and there are no medical reports of record opining that he is temporarily and totally disabled due to the compensable injury.

After review, we find that the Board of Review's decision is the result of material misstatements and mischaracterizations of the evidentiary record. The Office of Judges relied on the reports of Drs. Sethi and Padgett as well as the MRI. The Office of Judges found that the MRI clearly states, in the way that it is written, that the disc protrusion is the result of degenerative changes. A plain reading of the MRI warrants no such conclusion. The MRI merely states that Mr. Grajeda has a protruding disc, degenerative changes, and foraminal narrowing. It does not speak to causality. Dr. Sethi's report is affected by errors. He incorrectly stated that the initial evaluation performed shortly after the injury at Winchester Medical Center determined that Mr. Grajeda merely suffered a lumbar sprain. In fact, the report stated that he suffered an acute herniated L5-S1 disc. The attending physician's report stated that he was unable to work due to a herniated L5-S1 disc. Lastly, the MRI taken shortly after the injury showed a herniated L5-S1 disc. Pilgrims Pride Corporation of West Virginia, Inc., has failed to provide any objective evidence to show that the herniated disc did not occur as a result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to hold the claim compensable for herniated lumbar disc and authorize temporary total disability benefits as supported by the evidentiary record.

Reversed and Remanded.

**ISSUED: March 27, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin J. Davis
Justice Menis E. Ketchum